# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 25-1173 September Term, 2024

OSHC-23-1002

**TCP Specialists, LLC,**

  Petitioner

 v.

**Secretary of Labor,**

  Respondent.

## STATEMENT OF ISSUES TO BE RAISED

Pursuant to this Court's Order dated August 11, 2025, Petitioner TCP Specialists, LLC hereby submits the following Statement of the Issues to be Raised in this appeal:

A.  The ALJ's definition of the recognized hazard under 5(a)(1) as "working in close proximity to pressurized equipment" violates Commission precedent.

B.  The ALJ's vague definition of the recognized hazard under 5(a)(1) fails to give the constitutionally required fair notice to TCP of the violative conditions.

C.  The ALJ's finding that the failure to maintain a buffer zone around the piping at issue constitutes a recognized hazard under 5(a)(1) violates Commission precedent by defining the recognized hazard as the absence of a specific abatement method.

D.  The ALJ's finding that the failure to maintain a buffer zone around piping owned, maintained and operated by another employer constitutes a recognized hazard under 5(a)(1) is arbitrary and capricious because it is undisputed that no

26942940.1

such buffer zone is required for other similarly pressurized equipment at the worksite at issue.

E. The ALJ's finding that TCP could reasonably be expected to exercise control over the hazardous condition created by the rupture of a corroded pipe maintained and operated by another employer is unreasonable and not supported by substantial evidence.

F. The ALJ's finding that TCP had actual knowledge of the recognized hazard is not supported by substantial evidence where the hazard created by the corroded piping was maintained and operated by another employer.

G. The ALJ's finding that TCP had actual knowledge of the recognized hazard is arbitrary and capricious where it is undisputed that no buffer zone is required for other similarly pressurized equipment at the worksite.

H. The ALJ failed to properly identify the hazardous condition as the pressurization of the corroded piping.

I. Because the ALJ failed to properly identify the hazardous condition as the pressurization of the corroded piping, the ALJ failed to address, as required by Commission precedent, whether TCP could reasonably be expected to exercise the requisite control over the pressurization of the corroded piping.

J. TCP reasonably relied on the specialty contractors who owned, maintained, and operated the piping to inspect and pressure test the piping before relying on the piping for the task at issue. Because the ALJ failed to properly identify the hazardous condition as the pressurization of the corroded piping, the ALJ failed to address whether TCP was reasonable to rely on the specialty contractors to exercise control over the hazardous condition creating by corroded piping.

K. Whether the ALJ erred in finding TCP's multiple means of abatement inadequate.

L.  Whether the ALJ erred in finding that the Secretary established the feasibility and likely utility of the proposed alternative means of abatement.

>
> Respectfully submitted,
>
> /s/ *Darren S. Harrington*
> Darren S. Harrington
> Texas Bar No. 24002232
> Brian Hurt
> Texas Bar No. 24012876
> STEPTOE & JOHNSON PLLC
> 500 North Akard Street, Suite 3200
> Dallas, TX 75201
> Ph: (214) 251-8170
> Fax: (214) 393-4099
> Email: Darren.harrington@steptoe-johnson.com
> Brian.hurt@steptoe-johnson.com
>
> *Counsel for Petitioner, TLC Specialists, LLC*

## CERTIFICATE OF SERVICE

3

26942940.1

I hereby certify that on this 10th day of September, 2025, I caused this Statement of Issues to be Raised to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following:

Amy S. Tryon
Office of the Solicitor
U.S. Department of Labor
200 Constitution Ave. NW
Room S-4004
Washington, DC 20210
Email: tryon.amy.s@dol.gov

/s/ *Darren Harrington*
Darren Harrington